UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL KEATING** | * | CIVIL ACTION NO.: 2:23-cv-02626 |
| *Petitioner* | * | |
| | * | |
| **VERSUS** | * | JUDGE: LANCE M. AFRICK |
| | * | |
| | * | |
| **DOVER BAY SPECIALTY INSURANCE COMPANY** | * | MAGISTRATE JUDGE: MICHAEL B. NORTH |
| *Defendant* | * | |
| | * | |

## DEFENDANT'S ANSWER, DEFENSES AND REQUEST FOR JURY TRIAL

**NOW COMES**, through undersigned counsel, Defendant, Dover Bay Specialty Insurance Company ("Dover Bay"), who, in response to the Petition **(R. Doc. 1-1)** filed by Plaintiff, Michael Keating ("Plaintiff"), files this Answer, Defenses and Request for Jury Trial and, in support of same, avers as follows:

### I. DEFENSES

Dover Bay hereby asserts the following affirmative and other defenses, but does not assume any burden of production or proof unless required by law:

### FIRST DEFENSE

The claims stated in the Petition are based on a contract of insurance between the parties. Dover Bay avers that the homeowner's basic policy issued to Plaintiff, bearing policy number XLB452501 (the "Policy") and being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein *in extenso*.

## **SECOND DEFENSE**

Dover Bay avers that the Policy states the following:

### **SECTION I – PROPERTY COVERAGES**

\*\*\*

**COVERAGE C – LOSS OF USE**

1. Additional Living Expense. When a loss insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain his normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

   a. the time required to repair or replace the premises;

   b. the time required for your household to settle elsewhere; or

   c. 12 months.

\*\*\*

3. Prohibited Use. We will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits your use of the residence premises, provided that:

   a. direct physical damage occurs to any property, other than covered property located on the residence premises, arising from a cause of loss that would be a loss insured under this policy if the damage had occurred to the property on the residence premises;

   b. the residence premises is within one mile of property damaged by a cause of loss identified in 3.a. above; and

   c. the action of the civil authority is take in response to:

      1. dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

      2. dangerous physical conditions resulting from the damaged caused by the cause of loss identified in 3.a. above;

      3. the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

We will not pay for loss or expense due to cancellation of a lease or agreement.

## **THIRD DEFENSE**

Dover Bay pleads the following limitations, conditions and exclusions as to Section I Conditions are applicable:

## **SECTION I – CONDITIONS**

\*\*\*

2. **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with us in the investigation of the claim and also see that the following duties are performed:

   \*\*\*

   b. protect the property from further damage or loss, and also;

      (1) make reasonable and necessary temporary repairs required to protect the property; and

      (2) keep an accurate record of repair expenses;

   \*\*\*

   e. submit to *us,* within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

   \*\*\*

   However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss of us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

   \*\*\*

5. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, *we* will pay only *our* share of the loss. *Our* share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

6. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any part must be started within two years after the date of loss or damage.

### FOURTH DEFENSE

Dover Bay avers that the Policy states the following:

**Replacement Cost Loss Settlement – Common Construction**

1. *We* will pay the cost to repair or replace with like kind and quality for the same use on the premises shown in the *Declaration*s, the damaged part of property covered under **SECTION 1 -COVERAGES, COVERAGE A – DWELLING**, except for wood fences or damage to roof surfaces caused by windstorm or hail, subject to the following:

    (1) *we* will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. *We* will not pay the cost to repair or replace obsolete, antique, or custom construction with like kind and quality;

    (2) until actual repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged part of the property, up to the applicable limit of liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged part of the property as described in 1.a. above;

    (3) when the repair or replacement tis actually completed as described in 1.a. above, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damage part of the property or an amount up to the applicable limit of liability shown in the *Declarations*, whichever is less;

    (4) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

    (5) *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a *building structure* or other structure.

2. Wood fences: *We* will pay the *actual cash value* for loss or damage to wood fences, not to exceed the limit of liability shown in the *Declarations* for **COVERAGE A – OTHER STRUCTURES.**

3.   Damage to Roof Surfaces caused by Windstorm or Hail: *We* will pay the actual cash value for loss or damage to roof surfaces caused by windstorm or hail, up to the applicable limit of liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged roof.

## FIFTH DEFENSE

Dover Bay avers that the Policy states the following:

## SECTION I – LOSS SETTLEMENT

\*\*\*

**COVERAGE B – PERSONAL PROPERTY**

**Depreciated Loss Settlement**.

1. *We* will pay the *actual cash value* for property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY** with property of like kind and quality, except for property listed in item 2. below.

2. *We* will pay market value at the time of loss for:

    (1)   antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

    (2)   articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

    (3)   property not useful for its intended purpose.

However, *we* will not pay an amount exceeding the smallest of the following for items 1. and 2. above:

    (1)   *our* cost to replace at the time of loss;

    (2)   the full cost of repair;

    (3)   any special limit of liability described in this policy; or

    (4)    any applicable Coverage B limit of liability.

## SIXTH DEFENSE

## SECTION I – LOSSES NOT INSURED

1. *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the *residence premises*, arises from any natural or external forces, or occurs as a result of any combination of these:

   b. **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

   \*\*\*

   (3) sinkhole or subsidence;

   \*\*\*

   (5) erosion;

   \*\*\*

However, *we* will pay for any accidental direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a *loss insured*.

\*\*\*

   d. **Neglect,** meaning neglect of the *insured* to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

\*\*\*

   g. Fungus, including:

   (1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the *residence premises* or location of the rebuilding, repair, or replacement, by *fungus*;

   (2) any remediation of *fungus*, including the cost to:

      a) remove the *fungus* from covered property or to repair, restore, or replace that property; or

      b) tear out and replace any part of the *building structure* or other property as needed to gain access to the *fungus*; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of *fungus*, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

## SEVENTH DEFENSE

Dover Bay avers that the Policy excludes the following losses:

## SECTION I – LOSSES NOT INSURED

\*\*\*

3. *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

   b. defect, weakness, inadequacy, fault, or unsoundness in:

      (1) planning, zoning, development, surveying, or siting;

      (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

      (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

      (4) maintenance;

   of any property (including land, structures, or improvements of any kind) whether on or off the *residence premises*; or

   c. weather conditions.

However, *we* will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Not Insured as described in this Section.

## EIGHTH DEFENSE

Dover Bay avers Plaintiff has not been damaged as a result of any alleged wrongdoing on the part of Dover Bay or any of its agents or representatives. If Plaintiff has suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for whom Dover Bay is not responsible.

## NINTH DEFENSE

Dover Bay avers if any of the Plaintiff's damages are the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

## TENTH DEFENSE

To the extent that Plaintiff has already received any payments from Dover Bay for his losses, Dover Bay avers that those payments were appropriate, that Plaintiff has already been paid everything that he is owed under the Policy, and in the event of a further judgment in favor of Plaintiff, Dover Bay claims a credit and/or a set-off of all amounts previously paid.

## ELEVENTH DEFENSE

Plaintiff's recovery pursuant to the Policy, if any, is limited to any previously uncompensated losses covered by the Policy. Plaintiff may not recover for losses previously compensated under any policy providing insurance, and Dover Bay reserves the right to seek an offset for such payments.

## TWELFTH DEFENSE

Dover Bay adjusted Plaintiff's claim in good faith, and in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory jurisprudential law.

### THIRTEENTH DEFENSE

Dover Bay denies that Dover Bay, in any manner, breached its contractual or statutory duties to Plaintiff; however, to the extent Plaintiff establishes a breach of contract and/or violation of statutory duties, Dover Bay avers Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

### FOURTEENTH DEFENSE

Plaintiff is responsible for reading the Policy, as well as any renewal notices, and is presumed to know the provisions of the Policy, including the insurer's limit of liability and may not avail himself of ignorance of the Policy or law.

### FIFTEENTH DEFENSE

Should it be shown that Plaintiff has made any material misrepresentations in connection with the claim for recovery of damages under the Policy, Dover Bay pleads such representations are in violation of terms and conditions of said policy, thereby voiding coverage and any obligation thereunder, pursuant to the terms and conditions of said Policy, which are pled as if copied *in extenso*.

### SIXTEENTH DEFENSE

To the extent that Plaintiff was insured under a flood insurance policy and received payment pursuant to such policy for such losses, Plaintiff is estopped from asserting a claim for any losses previously compensated under his flood insurance policy.

### SEVENTEENTH DEFENSE

Plaintiff's recovery under the Policy is limited to the applicable policy limits reflected on the declarations page of the Policy.

**EIGHTEENTH DEFENSE**

The Policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that the Plaintiff has breached these provisions, any alleged coverage is precluded under the Policy and are pled herein as if copied *in extenso*.

**NINETEENTH DEFENSE**

The comparative fault and/or negligence of Plaintiff, including the failure to review the terms of the coverage, the failure to properly communicate to Dover Bay, the Dover Bay agent, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiff's recovery herein.

**TWENTIETH DEFENSE**

Should it be found that the damages sought by Plaintiff were caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, Dover Bay pleads the "other insurance" provisions of the Policy.

**II. ANSWER**

**AND NOW,** answering the severally numbered articles of the Petition of Michael Keating, Dover Bay respectfully avers as follows:

1.

Dover Bay admits that, upon information and belief, Plaintiff is of the full age and majority and resides in Jefferson Parish, Louisiana.

2.

The allegations contained in Paragraph 2 are denied as written. Dover Bay admits it is an approved surplus lines insurer registered with the Louisiana Department of Insurance, doing business in the state of Louisiana, who issued a homeowners basic policy of insurance for

Plaintiff's property located at 730 Woodward Avenue, New Orleans, LA (the "Property"). Dover Bay avers the policy at issue is the best evidence of its coverages, exclusions, and conditions. Dover Bay specifically denies any liability to Plaintiff.

3.

Plaintiff admits upon information and belief that Plaintiff owns the Property.

4.

The allegations contained in Paragraph 4 are denied as written. Dover Bay admits it issued a homeowners basic policy bearing policy number XLB452501 (the "Policy") to Plaintiff for the Property. Dover Bay avers the Policy is the best evidence of its coverages, exclusions, and conditions.

5.

The allegations contained in Paragraph 5 are denied as written. Dover Bay admits that the Property sustained damage associated with Hurricane Ida. However, the extent of the damage is disputed and remains an issue for the trier of fact.

6.

The allegations contained in Paragraph 6 are denied as written. Dover Bay admits on or about September 1, 2021, Plaintiff reported damages associated with Hurricane Ida to Dover Bay.

7.

The allegations contained in Paragraph 7 are denied as written. Dover Bay admits it assigned Plaintiff's claim as claim number 18-H761-6G5. Further answering, Dover Bay inspected the Property on or about October 3, 2021, prepared an estimate based on the damages observed, and submitted its findings to Plaintiff. Dover Bay avers the estimate is the best evidence of its contents.

8.

The allegations contained in Paragraph 8 are denied as written. Dover Bay admits on or about April 27, 2022, Dover Bay received an estimate prepared by Pete's Plumbing & Heating, Inc. Dover Bay avers this estimate is the best evidence of its contents. However, Dover Bay did not agree with the estimate and found that many of the items included therein were unwarranted and thus it was not in receipt of satisfactory proof of loss for the $32,511.00 as set forth in the estimate.

9.

The allegations contained in Paragraph 9 are denied as written. Dover Bay admits a representative of Dover Bay inspected the Property on or about May 25, 2022, adjusted the estimate based on the damage observed, and tendered $5,036.12 in Coverage A benefits on May 26, 2022.

10.

Dover Bay denies the allegations contained in Paragraph 10 for lack of information sufficient to justify a belief therein.

11.

Dover Bay denies the allegations contained in Paragraph 11 for lack of information sufficient to justify a belief therein.

12.

The allegations contained in Paragraph 12 are denied as written. Dover Bay admits on or about February 9, 2023, Dover Bay received a report prepared by Gurtler Bros. Consultants and an estimate prepared by Kevin Kliebert Builders, Inc. However, Dover Bay did not agree with the

Kevin Kliebert Builders, Inc. estimate as it was not an itemized estimate and thus Dover Bay was not in receipt of satisfactory proof of loss for the amount set forth in the estimate.

13.

Dover Bay expressly denies the allegation that Plaintiff did not receive "any formal response from Dover Bay" regarding the Kevin Kliebert Builders, Inc. estimate as Dover Bay submitted a letter to Plaintiff indicating its unsuccessful attempts to contact Kevin Kliebert Builders, Inc. to discuss the estimate and requesting additional information.

14.

The allegations contained in Paragraph 14 are denied as written. Dover Bay admits on or about March 17, 2023, counsel for Plaintiff contacted Dover Bay to discuss Plaintiff's claim and the Kevin Kliebert Builders, Inc. estimate.

15.

The allegations contained in Paragraph 15 are denied as written. Dover Bay admits on March 22, 2023, Dover Bay submitted an email to counsel for Plaintiff addressing the Kevin Kliebert Builders, Inc. estimate and Gurtler Bros. report. Dover Bay avers the email itself is the best evidence of its contents.

16.

The allegations contained in Paragraph 16 are denied as written. Dover Bay admits on March 28, 2023, Dover Bay received a response email from counsel for Plaintiff. Dover Bay avers the email itself is the best evidence of its contents.

17.

The allegations contained in Paragraph 17 are denied as written. Dover Bay admits it received a subsequent email from counsel for Plaintiff on March 28, 2023. Dover Bay avers the email itself is the best evidence of its contents.

18.

The allegations contained in Paragraph 18 are denied as written. Dover Bay admits on or about April 3, 2023, Dover Bay requested that counsel for Plaintiff submit an itemized estimate for review.

19.

The allegations contained in Paragraph 19 are denied for lack of information sufficient to justify a belief therein.

20.

The allegations contained in Paragraph 20 are denied as written. Dover Bay admits on or about April 26, 2023, Dover Bay received an estimate prepared by Gurtler Bros. Consultants and a demand for $51,888.21. However, Dover Bay did not agree with the Plaintiff's estimate and found that many of the items included therein were unwarranted and thus it was not in receipt of satisfactory proof of loss for the $51,888.21 set forth in said estimate.

21.

The allegations contained in Paragraph 21 are denied as written. Dover Bay admits on May 16, 2023, Dover Bay submitted a response letter to counsel for Plaintiff rejecting Plaintiff's demand. Dover Bay avers the response letter itself is the best evidence of its contents.

22.

The allegations contained in Paragraph 22 contain factual and legal conclusions, which are reserved for the trier of fact and require no response from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 22 are denied.

23.

The allegations contained in Paragraph 23 contain factual and legal conclusions, which are reserved for the trier of fact and require no response from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 23 are denied.

24.

Dover Bay repeats and re-alleges its defenses and responses to Paragraphs 1 through 23 as if fully set forth herein.

25.

Dover Bay admits La. R.S. 22:1892 imposes certain statutory duties on Dover Bay, but submits that the statute itself is the best evidence of same and any allegations inconsistent therewith are expressly denied. Further answering, the allegations contained in Paragraph 25 contain factual and legal conclusions, which are reserved for the trier of fact and require no response from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 25 are denied. Dover Bay specifically denies any liability to Plaintiff.

26.

The allegations contained in Paragraph 26 contain factual and legal conclusions, which are reserved for the trier of fact and require no response from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 26 are denied. Dover Bay specifically denies any liability to Plaintiff.

27.

Dover Bay admits La. R.S. 22:1892 imposes certain statutory duties on Dover Bay, but submits that the statute itself is the best evidence of same and any allegations inconsistent therewith are expressly denied. Further answering, the allegations contained in Paragraph 27 contain factual and legal conclusions, which are reserved for the trier of fact and require no response from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 27 are denied. Dover Bay specifically denies any liability to Plaintiff.

28.

Dover Bay repeats and re-alleges its defenses and responses to Paragraphs 1 through 27 as if fully set forth herein.

29.

Dover Bay admits La. R.S. 22:1973 imposes certain statutory duties on Dover Bay, but submits that the statute itself is the best evidence of same and any allegations inconsistent therewith are expressly denied. Further answering, the allegations contained in Paragraph 29 contain factual and legal conclusions, which are reserved for the trier of fact and require no response from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 29 are denied. Dover Bay specifically denies any liability to Plaintiff.

30.

Dover Bay admits La. R.S. 22:1973 imposes certain statutory duties on Dover Bay, but submits that the statute itself is the best evidence of same and any allegations inconsistent therewith are expressly denied. Further answering, the allegations contained in Paragraph 30 contain factual and legal conclusions, which are reserved for the trier of fact and require no response from Dover

Bay. To the extent a response is required, the allegations contained in Paragraph 30 are denied. Dover Bay specifically denies any liability to Plaintiff.

31.

The allegations contained in Paragraph 31 contain factual and legal conclusions, which are reserved for the trier of fact and require no response from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 31 are denied. Dover Bay specifically denies any liability to Plaintiff.

32.

Dover Bay denies any and all unnumbered paragraphs and headings, including the prayer for relief, to the extent they imply liability on the part of Dover Bay.

33.

## JURY DEMAND

Dover Bay requests a trial by jury for all issues which may be tried by jury.

## RESERVATION OF RIGHTS

To the extent permitted by law, Dover Bay reserves its right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE**, Dover Bay prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Dover Bay and against Plaintiff, dismissing Plaintiff's claims with prejudice and at his costs, and for all general and equitable relief.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Kellen J. Mathews*
Kellen J. Mathews (#31860)

                E. Gregg Barrios (#20096)
                Christopher D. Joseph, Jr. (#38293)
                450 Laurel St., Suite 1900
                Baton Rouge, LA 70801
                Telephone: (225) 336-5200
                Facsimile: (225) 336-5220
                Email: gregg.barrios@arlaw.com
                Email: kellen.mathews@arlaw.com
                Email: christopher.joseph@arlaw.com

                ***Counsel for Defendant, Dover Bay Specialty Insurance Company***

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon Plaintiffs and all counsel of record in this matter as indicated below:

    ( **X** ) CM/ECF        (   ) Prepaid U. S. Mail

    (   ) Facsimile       (   ) Electronic Mail

    (   ) Hand Delivery

this 27th day of July, 2023.

                */s/Kellen J. Mathews*
                Kellen J. Mathews